*992 OPINION.
Love:
The principal question to be determined in these proceedings is whether petitioners are taxable on the entire net income of the brokerage business, or on only one-half of such net income. Petitioners contend that the other one-half of such net income is taxable to their wives, on the ground that each of the wives owned a one-fourth interest in the business.
The respondent contends that under the laws of the Commonwealth of Massachusetts husbands and wives can not be partners in a business; that the understanding had between petitioners and their wives amounted to nothing more than an assignment by each petitioner of one-half of his share of future partnership profits to his wife; and that his determination that all of the profits are taxable first to petitioners finds support in Mitchel v. Bowers, 15 Fed. (2d) 287; and E. W. Battleson, 22 B. T. A. 455.
We think the undisputed facts in these proceedings are governed by our decision in Warren MacPherson, 19 B. T. A. 651; and the decision of the United States Circuit Court of Appeals for the First Circuit in Hamilton v. Commissioner, 24 Fed. (2d) 668. Both these cases involved husbands and wives in Massachusetts.
In the MacPherson case a business was being conducted by a father and son, each owning a 50 per cent interest in the enterprise. In the. latter part of 1921 two employees each acquired an interest. *993 About the same time the father gave the son’s wife a 20 per cent interest and thereafter there was an oral understanding that the business should be conducted with respective interests as follows:
Per cent
Isaac MacPherson (father)- 20
Warren MacPherson (son)_ 30
Elizabeth MacPherson (son’s wife)_ 20
George H. Rockwell (employee)_ 20
Ernest W. Dunbar (employee)_'_ 10
The respondent determined that the son was taxable on both his and his wife’s interest. We held in that case that the evidence showed very clearly that the wife owned a 20 per cent interest in the business; that under the laws and decisions of Massachusetts the husband’s control over his wife’s property had been reduced to a minimum; and as the son (the petitioner) only owned 30 per cent in the business he was taxable only on that proportion of the profits.
In Hamilton v. Commissioner, supra, a husband and wife were engaged in business together in Massachusetts. Prior to her marriage the wife had inherited the business from her father. Later she made a transfer to her husband. We found (7 B. T. A. 362) that she had transferred all of the business to her husband and that the latter was taxable on all of the income therefrom. The Circuit Court found that she had reserved 25 per cent of the profits for herself, and said:
* * * It is no part of the duty of this court to determine what legal rights, if any, Hamilton acquired in his wife’s property and business from their invalid agreement and his partial payment. For present purposes it is enough to hold that the 25 per cent of the 1922 profits, now taxed as the husband’s, never passed, or was intended to pass, to the petitioner.
This conclusion plainly establishes that if the wife has an interest, the fact that her husband also has an interest in the same business will not operate to make the wife’s income his income for tax purposes. For similar holdings see L. F. Sunlin, 6 B. T. A. 1232; Earle L. Crossman, 10 B. T. A. 248; Elmer Klise, 10 B. T. A. 1234; Albert Kahn, 14 B. T. A. 125; R. E. Wing, 17 B. T. A. 1028; and Albert G. Dickinson, 23 B. T. A. 1211.
It is true, as stated in our findings, that during the first four years in question the business was charged with an interest deduction of 6 per cent on the “ capital account.” If this charge had been limited to a percentage on only the amounts paid in by the wives instead of the entire capital account, and had been equally reported by the wives as income, it might appear as if the parties had treated the amounts paid in as loans. Notwithstanding the unexplained and apparently unexplainable actions on the part of petitioners in de *994 ducting the 6 per cent interest on the capital account for the years 1922 to 1925, inclusive, the undisputed testimony of all the parties involved clearly substantiates the fact that the wives did not lend the money to their respective husbands, or the partnership, but furnished it as a capital investment.
The facts in the E. W. Battleson case, supra, are substantially different from the facts in the instant proceedings. There, although joint funds were used, it was the husband who actually purchased the interest in the partnerships there in question, and we held the husband taxable on the income from such partnerships. Here it was the wives, who with their own separate funds, purchased for themselves individually an interest in their husbands’ business. The case is, therefore, not in point.
Neither did petitioners attempt to assign to their wives “ one-half of the profits which shall come to ” them as was the case in Mitchel v. Bowers, supra. In the instant proceedings both husbands and both wives unreservedly testified that it was the plain understanding between the four of them that the wives were purchasing a one-fourth interest each in the brokerage business, and that each of them was thereby entitled to a one-fourth interest in the profits. The husbands had lost their original capital and without additional capital they could not have continued the business. The arrangement with their wives was made in the utmost good faith on the part of all concerned.
In view of the foregoing, we hold that the respondent erred in including in petitioners’ income that which belonged to their wives. It thus becomes unnecessary to decide the additional issue raised at the hearing.

Judgment will be entered wider Rule 60.